The next case for argument is United States v. Hernandez-Mejia. You may proceed. Good morning, and may it please the Court. My name is Rene Valladares, and I represent Mr. Hernandez-Mejia in this case. And I would like to reserve two minutes for rebuttal. All right. If you can watch your clock there. I will. Thank you very much. In this case, the district court erred in concluding that appellant's prior California conviction for possession of stolen property was a theft offense and, consequently, an aggravated felony. And it did so because when we take 496A, that is California Penal Code Statute 496A, the statute in question in this case, and we compare it to the standard set by the circuit, 496A falls short in two different ways. The first way is that 496A does not set a standard, does not set a requirement for intent to deprive the owner of rights and benefits of ownership. The second one being that that same statute creates a knowledge requirement which is lower than what's required by the circuit, and that is a requirement that is new or should have known as opposed to actual knowledge. Taking the first ground, the ground that, again, the statute does not have the requirement of the deprivation of the excuse me, intent to deprive the owner of rights and benefits, California courts have said clearly that this is not a requirement. In People v. Osborne, the Court made it very clear that that is not a requirement, that the intent to deprive is not a requirement. Now, a defendant could very well go ahead and argue as a defense that that was not the case, and that could be a defense. But the important thing is that the State does not have to prove that element. And a conviction could ensue without proof of that element. Kagan. Did you find the other – I mean, since we can talk about unpublished cases at this point, did you find, I think, Chaplain where Judge McKeown was on that case where the petitioner was convicted of receiving stolen property obtained by extortion in violation of Section 496A, and the panel stated, under the categorical approach outlined in Taylor, Section 496A of the California Penal Code constitutes a generic theft offense. The offense of receiving stolen property is expressly contained within the definition of theft offenses, 8 U.S.C. Section 1101A, 443G. And the requirement that property have been obtained by extortion does not cause the full range of conduct criminalized by 496 to exceed the scope of the generic theft offense. Did you review that case? I did not, Your Honor. I did not. And I do apologize for that. I did not. That case is not – it's not – it was not a case that was briefed. Now, would the Court, again, like to ask me a question concerning that case, or would the Court like me to proceed with my argument? No. Sure. Go ahead. Proceed with your argument. Yes, sure. Now, my argument also would be that other than – and as I said, California has made it very clear that that is not a requirement, that the intent to deprive is not a requirement. The second issue, or the second defect, rather, is the defect in as much as the required is a knowledge that's inferior to what is required by the Ninth Circuit in the sense that actual knowledge is not required. It could be they are – it could be simply reason to believe. Now, those – That's basically synonymous with actual knowledge at law, is it not? Well, Your Honor, I – the circuit, however, has made it clear that it's – it's not in this circuit in United States v. Heredia in Footnote No. 6 made it clear and Bonk, this circuit made it clear that it's – that it's not, that those two standards are not the same, that knowledge and reason to believe are not, that one is a step below the other, and that would be, of course, my argument in this case. Now – The opponents say that this Randhawa v. Ashcroft is a case that's very much in point. What's your response to that? Well, Your Honor, I don't think it – I don't think the case is on point. I think that it certainly is not. I don't think that – and if we look at that case, it is – it's not taking those two reasons that I'm offering to this Court as – as arguing why this statute is a defective statute. Instead, this case is similar to a case that the circuit has already decided, the Navarez-Martinez case, in which it found that a – an Arizona statute, which was theft of means of transportation, was defective, and it was defective because it did not contain the element of intent to deprive. And in addition to that, one of the subsections – But isn't there a different – well, there's a couple things about the Navarez-Martinez case. It's an Arizona case. We also have California law that basically says that you have the general intent built in to a statute like this. That may be different than – than Arizona, the way that it's written. But we said if you take this Navarez case, which is 2003, it's right around the same time we're looking at the Rojanda case, which I think is cited by the parties. And it says, we infer the requisite criminal intent under our generic definition. So without getting tied up in Heredia and the Juul instruction and that whole complicated issue, it just seems if you go back to our intent cases, that this falls squarely within the general intent, and there's an – here includes an attempt to have the of the intent. And maybe I'm missing something, and you can explain where I'm missing. Yes, Your Honor. This is where I think that – that why Navarez-Martinez is an important case. Again, in that case, the circuit made mention of the intent to deprive. That was a divisible statute. It contained five different provisions. Now, two of the provisions did contain intent to deprive, and they – they were fine, according to the circuit. However, the other three provisions were not. One of the provisions that the circuit felt that was not appropriate was – was number five. And that one, again, has language that is in the – if I may – if I may cite it directly, is controls another person's means of transportation, knowing or having reason to know that the property is stolen. So, again, we have these two problems, is that two portions of that statute, two sections of the statute, do require the – the intent to deprive. This one doesn't. And also, we have the problem of the knowing or having reason to – to believe, which I think, again, those two reasons are – are reasons that make this statute problematic from the standpoint of our analysis here. And those two reasons also make the Randhawa case a case that the government – that the government relies heavily upon a case that is easily distinguishable for the purposes of our analysis. I see, Your Honor, that I have at this point one minute. If the Court may allow me to reserve that minute. Thank you. MR. BORK, REPRESENTING THE UNITED STATES, UNITED STATES DISTRICT OF NEVADA. To add on to the argument, the focus of the Court's questions with regard to the intent issue, I would take a step back first to note that to create an aggravated felony, Congress set forth in Title VIII, 1101A43G, the intent to deprive. And there were basically two ways to do that. One was a definitional way, where they would describe a type of act. And then the other was to designate a particular crime. And this we have both. In G, we have what it says, theft offense. And, of course, in Corona-Sanchez, they made much of the fact that it didn't just say theft, it said theft offense, which in their mind broadened the outlook of the courts. And then individually and separately from that, they specifically mentioned including receipt of stolen property. Now, the law was clear before Congress made that, that these are totally separate crimes. In fact, they're so separate, they can't even be lesser included. And that's the lesson both in Gaddis and Spencer, that you can't both steal something and then unlawfully possess it. Those are two separate crimes. And so since they have separate elements, I don't think that Congress intended to graft onto receipt of stolen property the requirement to prove intent to deprive the owner. And I think that would be inconsistent with the statute in general and inconsistent with common law in the analysis done in Corona-Sanchez. As the court in the Arambola case, the case out of the Second Circuit, said the intent of Congress was to expand definition of aggregated felony as to theft offenses to bring more convictions within its ambient. And so I think we have that as a more reasonable approach to these crimes. In looking at the cases that have been cited, the Rojanda case, Navarez case, I cited those not necessarily to rely upon them because they're not clear. Well, how would you distinguish Navarez-Martinez from this case, since I think the Ninth Circuit has been less than probably a model of clarity on the issue before us. And that's my point. That's how I presented this case and the Huerta-Guevara case and the Rojanda  They're not clear. But in that particular case, the charge the defendant was convicted of was theft of transportation services, not possession of stolen services or property. And the only part of it, there's only one part of that statute that talks about basically possession of stolen property, the one that was read by counsel. But it's clear from the facts of that case that was not in play in that case. They were only looking at the issue of theft, not of possession of stolen property. Correct. But then the difficulty comes with this reference that you need something more than mere knowledge. That's where we have to try to figure out, well, if we take that language out of Navarez-Martinez, how does that translate over to this statute? Well, my first argument would be as it would be dicta, because as I said, they were not looking at a possession of stolen property issue. The issue was a theft case. So that is distinguishable. But then you look, if you compare that to Rahandwa, in that case, that was a possession of stolen property case, and I think there we have a common-sense view of that. And their point was, is that if someone knowingly possesses stolen property, they know it's stolen and they're going to keep it. Obviously, they're going to deprive the owner of the ownership of that property. You can't help but do that if you're stolen it and you keep it and you know it's stolen. So I think that's really a more common-sense view in that case. And so I think that case is more applicable and the Navarez case. So you have to know it's stolen, correct? Correct. But beyond that, it really doesn't circle back to the owner as in a theft case, is what you're saying. There's kind of like this dichotomy between just a regular theft and then the possession. And it's clear. I can say the Gaddis case was a bank robbery case. It also involved unlawful receipt of stolen buying proceeds. And there they expressly held you can't be convicted of both. And again, that makes sense. If you stole it, then you can't be possession of stolen, stealing it, too. Possession of stolen goods, excuse me. So I think that that common-sense view over Honda and the fact that the other cases lacked clarity and really weren't focusing on the issue of possession of stolen property but on theft. All right. I know what your position is, but give me your best analysis in terms of because we do have to deal with our own precedent in terms of it. How would you analyze this and write an opinion finding that 496 to be an aggravated felony and not run afoul of any Ninth Circuit precedent? I would use the ruling in Rojava, that said that there's a common-sense view that it is inferred that if a person knowingly possesses stolen property, they are depriving the true owner of the ownership rights of that property. And so I think that answers that. That can answer that intent issue. To go on to the other issue raised about the concern about California courts, really all California is saying is that someone can prove possession of stolen property by circumstantial evidence. There's no fear that, as has been expressed, that they can't be convicted of negligence. And I think more importantly, the specter they raised, they haven't cited any California cases where we have a fact that someone was convicted of a California possession of stolen property, and it was done in a situation where clearly there was just negligence on the part of the person keeping track of where they got the property or where it came from. And I think this attempt to use this as a barrier to the court's, district court's decision falls foul of the Duenas-Alvarez language at 822 that says, moreover, in our view, to find that a State statute creates a crime outside the generic definition of a listed crime, and a Federal statute requires more than the application of legal imagination to a State statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. And so I think when we look at California law, it's clear that although it can be circumstantial, it still requires that the defendant know that they possess stolen property. No questions? Thank you. Thank you. I think it's important to note several things. Number one, and that is that Navarez-Martinez is a case that came after Randhawa. In fact, Navarez-Martinez cites Randhawa. So that panel was perfectly familiar with what took place in Randhawa, with the decision in Randhawa, cited it, and came ahead and made its own decision. Well, but so, but that by virtue of it would say they were distinguishing themselves. They can't, we can't in a three-judge panel overrule another three-judge panel. Absolutely. So obviously inherent in your argument is that the Navarez panel was distinguishing Navarez from Randhawa. Well, and actually they were not distinguishing. They were citing it simply as authority for the issue that the statute was a divisible statute. My point really was that they were perfectly familiar with that case. Now, the two cases are quite different, though. In one, Navarez-Martinez is a case that deals with state law, just like this case here, just like we're dealing with state law here. Randhawa deals with a federal statute. As far as the state law, California, again, has been very clear. And as I stated, Osborne said that there is no need to have the intention to deprive, and also California has said that liability can attach not only through actual knowledge, like we had in Randhawa. Randhawa was a case about actual knowledge, but that also involved reason to believe Is that in the statute, or is that just a court-made law? Reason to believe. As far as the reason to believe, the basis to believe, that was in what I'm looking at right now is People v. Clausen, and there are several cases that follow that. Court-made law. That's not in the statute itself. It's court-made, yes. And just looking back at Navarez and the citation to Randhawa, it really is a general citation of saying you have to figure out what the statute means.  It doesn't provide you any texture or context. Yes. So I don't think we can say that the cases are at odds in any way. And I don't think they are. Okay. I don't think they are at all. I mean, again, one case deals with State authority. The other case deals with Federal authority. As far as the State authority here, the State's court, the State courts have defined a statute, and they have either included or not included the two elements that I've discussed about already. Thank you. Thanks to you. Thank you, counsel, for your argument. I think just every time we think we might have exhausted how many crimes are or are not aggravated felonies, another one comes along. So we appreciate the briefing and the argument. The case of United States v. Hernandez-Mejia is submitted.
judges: McKeown, Callahan, Siler